Good morning, Your Honors. Elisa Sawano-Peterson for Petitioner Post. Peterson. There are a few issues I would like to clarify. And the first issue is in regards to respondents' claim that the petitions were not timely. What I said in my reply brief was that the laid-back doctrine applies to this case. But also, there's another issue, and that is, when did judgment become final? I suggest there may be even a more pressing issue, and that is jurisdiction. Do we have jurisdiction here? Is this petitioner still in custody? She is not in custody right now. But doesn't that defeat a behaviorist claim? I don't believe so. I believe you have to be in custody at the time that her petition was filed. Well, what relief would you have us enter at this point if we granted the relief that you're seeking? Well, she believes that the Court of Appeal had no right to modify the judgment without a jury. I understand that. And if we agreed with that, assuming that we can tell a California Court of Appeals that it doesn't have statutory authority to do something it did under state law, which is a different question, what would the order read from the federal court? Well, that they would reverse their judgment because they – well, basically because it was a due process violation. Because they modified the judgment without any instructions to the jury and without any findings of fact by the jury, it was a due process violation. Therefore, the conviction should be reversed. And when she did file her petition, she was in custody. And the conviction must be reversed and expunged from her record? What would the relief that you seek be? Right. Basically reversed and it would have to be – the matter would just have to be dismissed or expunged. So we would issue an order to a state court directing it to change a judgment on its record and to expunge from the docket of that court and all state criminal history files any record of conviction? Right. Dismiss or expunge. And this is a matter of federal constitutional law? Well, yes, it is. And the reason why, first of all, it's a matter of federal constitutional law is because she did state originally in the petition for review that it was a violation of due process because the state went ahead and modified the judgment, you know, without jury findings and jury instructions. There's actually some federal cases that say on a 2255 motion that it's only proper to do that to modify a judgment if the jury has actually been instructed on, say, a lesser included offense. Why isn't attempted perjury a lesser included offense? And didn't California law permit the California Court of Appeal to modify the judgment? It did, but it was a due process violation is petitioner's argument. It was a violation of the due process clause. Well, the first question we have to ask is what processes do? And the process that's afforded under the law, as I read the statute was, that it permits an intermediate court to do what the California Court of Appeals did. So then the question becomes what federal due process violation? Well, it would be a Sixth Amendment. I mean, it would be the right to a jury trial because the jury didn't decide. You're saying an Apprendi argument? Is that what you're making to us? I guess you could, I don't know if you'd call exactly Apprendi argument, but basically the jury should have decided the issue. The jury should have decided whether she was guilty of attempted perjury, not the court. But why isn't that purely a question of law, which the Intermediate Court of Appeals decided as to whether or not you need to subscribe the deposition in order to be guilty of the crime of perjury? Well, it's not, it's the question, right. The question is not really, you know, what attempt, you know, what an attempt crime is under California law. The question is whether her rights were violated because they modified the judgment without a jury trial. Would you agree that under federal law the same conduct actually would be criminal without regard to whether or not she signed the deposition transcript? I'm sorry, under federal law that it would be attempted perjury? Well, we don't require a signed deposition transcript in order to hold someone criminally liable for perjury or false statements, do we? Well, yeah, well that's another issue, but... Well, you're trying to convince us that there's a federal constitutional violation here, and I have the same concern Judge O'Scanlan has. I'm wondering whether we have jurisdiction over this case at all with regard to the California Supreme Court's dismissal of her habeas petition because she was no longer in custody. But putting that aside for the moment, I'm still trying to understand your theory of how the federal constitution was violated by what the California Court of Appeal did here. Well, her argument is basically that she should have had a jury trial in the issue and did not have, and therefore it was a due process violation. I mean, you know, that is her position. Okay, can you then address Judge O'Scanlan's question about whether or not we even have jurisdiction given the ruling by the California Supreme Court dismissing her habeas claim on the ground that she was no longer in custody? Why isn't that a procedural bar to federal habeas review? Well, first of all, like I said, she was in custody originally, and for state habeas, you have to be in custody originally. The California Supreme Court has original jurisdiction, does it not, in habeas matters? And it ruled at the time that she brought her claim to the California State Court to exhaust it, that she was no longer in custody. Right, but also, you know, if there's a procedural bar, you have to prove that it was consistently applied, and it's actually respondents' burden to determine whether such procedural bar was consistently applied. And although, you know, it is consistently applied to defendants who are clearly out of custody, here there's actually a dispute about that, and the reason is because although her probation had expired, she was supposed to do community service, and the community service portion was stayed. How would a court ever enforce that? Well, there is a case that I quoted in the brief, Henry Griffin, which would indicate that the court would retain jurisdiction in such a case, and that involved a probation revocation hearing, which after the time the term of probation had expired, and the court said that what happened was they continued the probation hearing past the expiration date of probation, but the court said in that case there still was jurisdiction, because they had agreed to jurisdiction. And in this case, the court actually retained jurisdiction by staying community service, and there's a case law that says that community service is being in custody, and that portion was stayed. So it's petitioner's argument that the court retained jurisdiction. But it was stayed to be reinstated at such time as might be appropriate by the probation department, wasn't it? And probation ended. Well, I believe the court could lift a stay if they wanted to, and they have jurisdiction, you know, to do so, to lift a stay if they had wanted to do that. So therefore, you know, there was continuing jurisdiction, and therefore the petitioner was in custody, and like I said, the burden is on the respondent to show that any procedural bar is consistently applied, and they haven't shown it's consistently applied in a situation like this, where even though probation has expired, there's been a stay on, you know, community service. And the other issue is also that a respondent said that the petition wasn't timely, and actually, in my reply brief, I had said that the statute began to run 90 days after the Court of Appeal modified the judgment, but in reality, there was trial court proceedings after that, in which the trial court followed the Court of Appeal's order to modify the judgment, and the trial court modified the judgment. Therefore, the statute didn't run until 60 days after the trial court modified the judgment. I think that's an alternative way of looking at it. So there's two ways that it's timely. One is the laid-back doctrine, because the original petition was timely, and the other is also that the statute actually didn't even run until 60 days after judgment was modified by the trial court. Thank you, counsel. Your time has expired. We'll hear now from the government. Thank you, Shirley Sun, for the people, for the respondent. As to whether she's still on probation, I think that it's very clear that she had asked for probation to expire early by asking her lawyer to go into court, and based on that... Ms. Sun, before you get to that, this was, if anything, a supposed violation of state law. That's right. But it wasn't a violation of state law. The court had the power under California law to reduce the offense of conviction to attempted perjury. That's right. So then the claim has to be made that, well, it violated federal law. Was there any federal law violation here that you know of, or constitutional law violation? I don't believe so. Isn't that pretty much the end of the case? It should be, yes. Go ahead and argue as long as you want. No, I'm perfectly happy with that result. I'm just trying to answer some of her points in case this Court, you know, wanted to hear from me. But if you have no questions, I have no further argument to make. No more questions. Thank you very much, counsel. The case just argued will be submitted for decision. And we will hear argument next in Guzman v. Shurey.
judges: Thompson, O'scannlain, Tallman